Filed 2/18/26  P. v. Scott CA4/2
Opinion following transfer from Supreme Court

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E078721 |
| v. | (Super.Ct.No. RIF1604645) |
| THOMAS RYAN SCOTT, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Matthew Perantoni,

Judge.  Affirmed in part; sentence vacated and remanded with directions.

Stephen M. Lathrop, under appointment by the Court of Appeal, for Defendant

and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General,

Charles C. Ragland, Assistant Attorney General, Arlene A. Sevidal and Randall D.

Einhorn, Deputy Attorneys General, for Plaintiff and Respondent.

INTRODUCTION

In 2022, a jury convicted defendant Thomas Ryan Scott of, among other things, voluntary manslaughter as a lesser included offense within the crime of murder, and being a felon in possession of a firearm, finding true the allegation that defendant personally used a firearm (Pen. Code, § 12022.5, subd. (a))[1] in the commission of the voluntary manslaughter. At the bifurcated court trial on the prior conviction allegations, defendant admitted a prior 2009 conviction for unlawfully taking a vehicle without consent and for the benefit of a criminal street gang, which carried with an enhancement allegation of active participation in a criminal street gang, pursuant to section 186.22, subdivision (a), rendering the prior conviction a strike, within the meaning of section 667, subdivisions (a), (c) and (e)(1). After denying defendant's motion to strike the "Three Strikes" allegation, defendant was sentenced to 33 years four months in prison. Defendant appealed.

On appeal, one of defendant's assignments of error was that he was entitled to a remand to permit the trial court to reconsider his request to strike his prior serious felony conviction pursuant to *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497, in light of subsequent amendments to section 186.22. We affirmed the judgment with directions to an error in the abstract of judgment. Defendant petitioned for review. Review was granted with further action in the matter deferred pending the disposition of a related

---

[1] All further statutory references are to the Penal code unless otherwise indicated.

issue in *People v. Fletcher* (2025) 18 Cal.5th 576 (*Fletcher*). (*People v. Scott* (2023) 313 Cal.Rptr.3d 327 [535 P.3d 535; 2023 Cal. LEXIS 5491].)

Following the issuance of its opinion in *Fletcher*, *supra*, 18 Cal.5th 576, the Supreme Court transferred the matter to this court, with directions to vacate our decision and reconsider the cause in light of *Fletcher*. In accordance with the direction from the Supreme Court, we vacated our earlier opinion and gave the parties an opportunity to file supplemental briefing.

Both parties submitted supplemental briefing, in which each party agreed that the true finding on the on defendant's strike prior should be reversed. We agree and reverse the true finding on the Three Strikes prior.

## BACKGROUND

We take the facts from our previous opinion, *People v. Scott* (May 24, 2023, E078721) [nonpub. portion of partially pub. opn.], with additions based on subsequent history of the case:

"I

"STATEMENT OF FACTS

"The underlying facts are not particularly relevant to defendant's appellate contentions. We set them forth briefly here as background. We take them from the parties' representations in their briefs, rather than from the record.

"On August 28, 2016, around 1:00 a.m., Luis Quintanar and two of his friends encountered another man in a church parking lot in Riverside. Quintanar asked, "What's up, G?" The man started arguing with Quintanar. Quintanar (who was holding a

3

skateboard) tried to calm the man down. However, the man pulled out a gun and fired one shot into the air. Quintanar called him a bitch and raised his hands—perhaps starting to hold them up, or perhaps reaching for the gun. The man shot Quintanar once in the chest, killing him.

"When Detective Michael O'Boyle interviewed defendant, defendant initially denied being present. However after Detective O'Boyle suggested that the shooting might have been in self-defense, defendant changed his story. He said Quintanar's group demanded "weed" from him. One of them pushed him, and Quintanar hit him with a skateboard. Defendant fired one shot in the air. One of the men grabbed for the gun, and "BOOM it went off." He characterized the shooting as self-defense. In jailhouse phone calls to his brother and sister, defendant likewise said he acted in self-defense.

"At trial, defendant once again denied being present; he testified that his confession was false. One Cheryl Marrow, an old friend of defendant, testified that her boyfriend Thomas Keenan was the shooter.

"II

"STATEMENT OF THE CASE

"In a jury trial, which he defended in propria persona, defendant was found guilty of voluntary manslaughter (§ 192, subd. (a)), with a personal firearm use enhancement (§ 12022.5, subd. (a)), and of unlawful possession of a firearm (§ 29800, subd. (a)(1)).

"Defendant admitted one strike prior. (§§ 667, subds. (b)-(i), 1170.12.) He also admitted one prior serious felony conviction enhancement (§ 667, subd. (a)) and one

4

prior prison term enhancement (§ 667.5, subd. (b)), but the trial court dismissed these at sentencing.  He was sentenced to a total of 33 years four months in prison."

On March 18, 2022, defendant filed a notice of appeal.  On May 24, 2023, we issued our opinion, which was certified for publication with the exception of parts I (the statement of facts), III (discussion of the issue regarding the confidential informant), and V (errors in the abstract of judgment).  We certified for publication part II (the statement of the case), and part IV relating to the effect of amendments to section 186.22 on defendant's alleged strike prior.  In the published portion of the opinion, we held that, because the prior was a strike on the date of the conviction, it remained a strike, regardless of the amendments to section 186.22.  In the nonpublished portion of the opinion, we held that there was an error in the abstract of judgment that must be corrected.

Defendant petitioned for review of the question pertaining to the effect of the amendments to section 186.22 on allegations that a prior conviction qualify as a strike under the Three Strikes law, and whether a defendant's admission of the allegation in the trial court barred him or her from challenging on appeal the sufficiency of the evidence to sustain the trial court's finding that the prior conviction qualified as a strike offense.  The Supreme Court granted review and deferred further action in the matter pending resolution of a related issue in *Fletcher*.  (*People v. Scott*, *supra*, 2023 Cal. LEXIS 5491.)  On December 12, 2025, it transferred the case back to us, with directions to vacate our decision and reconsider the cause in light of *Fletcher*, *supra*, 18 Cal.5th 576, and ordered

5

that our prior opinion be "depublished" or "not citable." (*People v. Scott* (2025) 339 Cal.Rprt.3d 200 [579 P.3d 814, 2025 Cal. LEXIS 8105].)

Pursuant to the Supreme Court's directions, we vacated our original opinion and solicited additional briefing from the parties. We now turn to the issue.

**DISCUSSION**

In his supplemental brief, Defendant argues on appeal that his 2009 prior conviction qualified as a strike only by virtue of a gang enhancement under section 186.22 for unlawful taking or driving of a vehicle (Veh. Code, § 10851, subd. (a)), where the elements of the gang allegation have been statutorily modified. Prior to 2022, an allegation of a prior conviction carrying a sentence enhancement under section 186.22, subdivision (b), was deemed a serious felony pursuant to section 1192.7, subdivision (c)(28), and could result in a sentence under the Three Strikes law. (§§ 667, subd. (d)-(i); 1170.12, subd. (c).)

In 2021, the Legislature amended section 186.22 with the passage of Assembly Bill No. 333 (2021–2022 Reg. Sess.) (Assembly Bill 333), enacting the STEP Forward Act of 2021. (Stats. 2021, ch. 699, § 1; *Fletcher*, *supra*, 18 Cal.5th at p. 583.) Assembly Bill 333 changed the elements of gang offenses and enhancements by narrowing the definitions of "'criminal street gang,'" "pattern of criminal activity," and "what it means for an offense to have commonly benefitted a street gang." (*People v. Tran* (2022) 13 Cal.5th 1169, 1206 (*Tran*).) In *Tran*, the Supreme Court held that Assembly Bill 333 is ameliorative legislation that applies to nonfinal judgments under the rule of *In re Estrada* (1965) 63 Cal.2d 740 (*Estrada*). (*Tran*, *supra*, at pp. 1206–1207.)

6

In *Fletcher*, the Supreme Court addressed the question of "whether Assembly Bill 333 applies to a sentencing court's determination of whether a defendant's conviction under the prior version of section 186.22 qualifies as a prior serious felony conviction for purposes of prior serious felony enhancements." (*Fletcher*, *supra*, 18 Cal.5th at p. 583.) The Supreme Court concluded that where a defendant has suffered a prior conviction under the earlier version of section 186.22, Assembly Bill 333 applies to the determination of whether the conviction qualifies as a prior serious felony conviction under subdivision (c)(28) of section 1192.7 for purposes of the Three Strikes law and prior serious felony enhancements. (*Ibid.*) It also held that it applies retroactively to cases in which the judgment is not yet final. (*Ibid.*)

In our earlier opinion, we cited two reasons for concluding that defendant was not entitled to relief due to the enactment of Assembly Bill 333. On ground was whether the issue had been forfeited by defendant's admission of the Three Strikes allegation, and the other ground, which was dispositive, was grounded on the legal principle that the determination of the serious or violent nature of the prior felony conviction is determined at the time of the prior conviction. We did not reach the question of whether the issue was forfeited by defendant's admission of the Three Strikes allegation in the trial court. The answer to this question was not answered by the Supreme court in *Fletcher*.

Nevertheless, the People agree that defendant's admission cannot be construed as knowingly and/or intelligently made because it was prior to the decision in *Fletcher* and that the true finding on defendant's strike prior should be reversed, and the matter remanded to the trial court for any retrial of the strike allegation, applying the elements of

7

section 186.22 as amended by Assembly Bill 333. (*Fletcher*, *supra*, 18 Cal.5th at p. 608.) We agree. Notwithstanding the admission of the prior conviction in the trial court, we have discretion to reach the merits. (*People v. Williams* (1998) 17 Cal.4th 148, 161, fn. 6 ["An appellate court is generally not prohibited from reaching a question that has not been preserved for review by a party"]; see *People v. Monroe* (2022) 85 Cal.App.5th 393, 400 [an appellate court may reach the merits of a forfeited issue in order to "forestall" a cognizable ineffective assistance of counsel claim].)

Accordingly, we reverse the true finding on the strike prior and remand the matter to the trial court for further proceedings on the strike allegation.

### DISPOSITION

Defendant's sentence, as well as the true finding that defendant's 2009 prior conviction qualifies as prior serious felony conviction under the Three Strikes law, is vacated. The matter is remanded to the trial court for any retrial of that allegation, applying the elements of section 186.22 as amended by Assembly Bill 333 and for resentencing. In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ\
P. J.

We concur:

McKINSTER\
J.

CODRINGTON\
J.

8